## FRAU *v.* CANALS.

### APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 150.   Resuelto en Febrero 26, 1905.

ALIMENTOS PROVISIONALES.—PAGO DE LA PENSIÓN.—PROCEDIMIENTO DE APREMIO CONTRA LOS BIENES.—El condenado al pago de alimentos provisionales deberá hacer efectiva la pensión, el día que se señale en la sentencia, pues de lo contrario se procederá á su exacción por los trámites establecidos para el procedimiento de apremio en los juicios ejecutivos.

ID.—APREMIO PERSONAL.—Establecido expresamente por la ley el procedimiento de apremio contra los bienes del deudor, para hacer efectivos los alimentos provisionales, no es potestativo en las partes abandonar tal procedimiento para seguir el *apremio personal* contra el deudor, que no está autorizado por las leyes vigentes en esta Isla.

INTERPRETACIÓN DE LEYES.—LEY DE DIVORCIO.—Aunque la ley del divorcio implantada en esta Isla es de interpretarse y aplicarse con arreglo á las prácticas americanas, esto debe entenderse como derecho supletorio, pues en los casos en que se trate de la inteligencia y aplicación de una ley de origen americano y cuyo contexto literal no sea suficientemente claro y explícito, deberá inspirarse la Corte en las prácticas americanas, pero esta doctrina no es aplicable cuando se trate solamente de fijar el procedimiento que ha de seguirse en un caso determinado, sobre el cual la ley procesal sea clara y no ofrezca dudas ni dificultades de ninguna especie.

ID.—DESACATO.—FALTA DE PAGO DE LA PENSIÓN ALIMENTICIA.—La anterior doctrina no se opone á la facultad inherente á toda Corte para castigar los desacatos cometidos contra su autoridad, cuando tales actos revistan verdaderos caracteres de delito, lo que no, sucede en el caso de un marido que dejare de pagar á su esposa la pensión alimenticia á que hubiere sido condenado, pero que lejos de desobedecer ó resistir obstinadamente el cumplimiento de la sentencia que le condenó, se somete al apremio decretado contra sus bienes y consiente todas las providencias dictadas en su contra, á instancias de la parte contraria.

COSTAS.—Las costas del procedimiento de apremio son de cargo del apremiado al pago, á excepción de las causadas en los incidentes que en el mismo expediente puedan surgir, los cuales deben imponerse con arreglo á la ley vigente en la época en que tales incidentes se sustanciaran y decidieran.

### EXPOSICIÓN DEL CASO.

Vistos estos autos del juicio declarativo de mayor cuan-

tía seguidos en el extinguido Tribunal de Distrito de Arecibo, entre partes de la una como demandante, Da. Emilia Frau y Vázquez, representada y dirigida por su abogado defensor Don Elpidio de los Santos y Laguardia, y de la otra, como demandado, D. Pedro A. Canals, representado por su abogado defensor D. Antonio Suliveres, sobre divorcio, é incidente sobre pago de alimentos provisionales; autos pendientes ante Nos á virtud del recurso de apelación interpuesto por la representación del demandado, contra el auto de catorce de Noviembre de 1903, por el que se denegó la reforma solicitada por la misma parte, de su concordante de 27 del mes anterior, que ordenó se requiriese á Don Pedro A. Canals para que dentro del término de treinta días consignara á la disposición de Doña Emilia Frau y Vázquez la cantidad de 600 pesos, correspondientes á las doce mensualidades de alimentos provisionales que adeudaba por los meses transcurridos desde el primero de Noviembre de 1902 hasta el 31 de Octubre de 1903, apercibido de ser procesado por desacato si no lo verificara.

*Resultando* que promovido pleito de divorcio por Doña Emilia Frau y Vázquez contra su esposo Don Pedro A. Canals, ante el extinguido Tribunal de Distrito de Arecibo, en Febrero de 1901, solicitó la actora, por otrosi de la demanda, se le señalase una cantidad mensual en concepto de alimentos provisionales, á lo que se proveyó de conformidad, por auto de 23 del mismo mes de Febrero, de acuerdo con la regla 21 de la Orden General de la Secretaría de Justicia de 17 de Marzo de 1899, señalándose la suma de 50 pesos mensuales, pago anticipado, para alimentos provisionales de la demandante, requiriéndose al demandado para la inmediata consignación, bajo apercibimiento de apremio, y decretándose la anotación preventiva de la demanda de divorcio en el Registro de la Propiedad sobre todos los bienes que aparecieran inscri-

tos á nombre del demandado, cuya anotación surtiría efecto hasta la terminación definitiva del pleito.

*Resultando* que requerido el demandado en dos de Marzo siguiente, para la consignación de la primera mensualidad, como no la hiciera efectiva, se solicitó por la actora y se decretó por el Tribunal, por providencia de siete del mismo mes de Marzo, se procediera por la vía de apremio contra los bienes del demandado para hacer efectiva la primera mensualidad devengada y no satisfecha, ampliándose después el embargo, á solicitud de la misma parte actora en 3 de Julio del mismo año hasta la suma de 600 dollars y constituyéndose posteriormente el embargo siempre á solicitud de la misma parte demandante, en los frutos cosechados y demás productos de una estancia titulada "La Esperanza", designada por la actora como de la propiedad de su esposo, el demandado Don Pedro A. Canals.

*Resultando* que en este estado el procedimiento, y con fecha dos de Agosto del año siguiente, solicitó el abogado defensor de la demandante se le librase certificación del auto por el que se le asignaron los alimentos provisionales, con objeto, según dijo, de entablar tercerías de mejor derecho contra los otros acreedores de su esposo que seguían diferentes ejecuciones contra sus bienes, á lo que se proveyó de conformidad, y librada la certificación solicitada, en 7 del mismo mes de Agosto, sin que se acreditare el resultado de las tercerías, el nueve de Octubre del año siguiente presentó nuevo escrito el abogado defensor de la parte demandante con la solicitud de que en vista de que hacía dos años y medio que por el Tribunal se había acordado se le pasara á su defendida, por D. Pedro A. Canals, la pensión alimenticia de 50 dollars mensuales, y que aún no había percibido ninguna de las referidas mensualidades, se requiriese á D. Pedro A. Canals para que sin

excusa ni pretexto alguno, cumpliera con lo que le tenía mandado el Tribunal, apercibido de que, si dentro del término improrrogable que el Tribunal le señalara, no consignaba los diez y nueve meses de pensiones alimenticias, que estaba adeudando, á razón de 50 dollars mensuales, á contar desde el mes de Marzo de 1901, hasta el mes de Octubre de 1903, se procedería en la forma dispuesta en el artículo 145, caso 5o. del Código Penal vigente, por ser evidente la resistencia obstinada del Sr. Canals al cumplimiento de la citada orden de pago, y debiendo hacerse extensivo el requerimiento bajo el mismo apercibimiento, para la consignación de todas las costas causadas en el expediente; y previa ratificación de Doña Emilia Frau, en dicho escrito, dictó el Tribunal el auto de veinte y siete de Octubre de 1903, que copiado á la letra dice así:

"Arecibo, Octubre veinte y siete de 1903.—Resultando que en el pleito de divorcio seguido en esta Corte de Distrito por Da. Emilia Frau y Vazquez contra su esposo Don Pedro A. Canals, el Tribunal, en auto de 23 de Febrero de 1901, señaló á la demandante la suma de 50 pesos mensuales, pago anticipado, para alimentos provisionales: para el pago de cuyas cantidades fué requerido el demandado en 2 de Marzo de 1901, y por providencia de dos de Septiembre de 1901, á instancia de la parte demandante, se mandó formar pieza separada para tramitar el cobro de las pensiones alimenticias. Resultando:—que con fecha 9 y 13 de Octubre de 1903, el abogado Don Elpidio de los Santos, en representación de la demandante, presentó escritos alegando que: en los treinta y dos meses transcurridos desde Marzo de 1901 hasta Octubre de 1903, el demandado Don Pedro A. Canals no ha satisfecho ninguna de las referidas mensualidades de 50 pesos, y suplicando se requiera al Sr. Canals para que dentro del término improrrogable que fije el Tribunal, consigne ante el mismo las treinta y dos mensualidades de pensiones alimenticias que está adeudando á razón de 50 pesos en cada mes, con las costas causadas en este expediente, bajo apercibimiento de ser procesado por desacato, por ser evidente la resistencia obstinada del Sr. Canals á la repetida orden de pago que le tiene dada éste Tribunal, cuyos escritos del abogado fueron ratificados bajo juramento por la demandante, Sra. Frau,

el día 26 del corriente. — Considerando que la Corte Supre-
ma de Puerto Rico, en varias ocasiones, ha sentado la jurispruden-
cia de que para interpretar y llevar á efecto las leyes de divorcio
en Puerto Rico, debe acudirse á la jurisprudencia de los Estados
Unidos, y en la sentencia de 20 de Febrero de 1902, en el pleito de
divorcio de María del Carmen Marimón contra su esposo Francis-
co Pelegrí, declaró: que cuando el Congreso de los Estados Uni-
dos dió á Puerto Rico un sistema de leyes referentes á matrimo-
nio y divorcio, en muchos puntos en completo conflicto con las
leyes vigentes en la Isla, al firmarse el Tratado de París, existió
claramente la intención de que estas leyes se parecieran en teoría
y método á las vigentes en los Estados Unidos, y que debieran ser
administradas y llevadas á efecto de acuerdo con los principios
de jurisprudencia americana, é interpretadas de la misma manera.—
Considerando que por esta razón el Tribunal para hacer efectivo el
pago de la cuota alimenticia no está limitado al procedimiento se-
ñalado en la ley de Enjuiciamiento Civil, sino que puede escoger
entre éste y el modo de proceder señalado por la jurisprudencia
de los Estados de la Unión.—Considerando que en la jurispruden-
cia americana, el modo más prominente de obligar al pago de la
pensión alimenticia es mediante un proceso por desacato, según lo
afirma el autor Bishop, autoridad en esta materia, en el párrafo
1092 del tomo 2do. de su Obra sobre matrimonio, divorcio y sepa-
ración, y se desprende de las muchas sentencias en el mismo pá-
rrafo citado.—Considerando que á menos que se explique la dila-
ción en el cobro, los Tribunales generalmente no obligan de es-
te modo al pago de cantidades debidas desde más de un año, como
dice el mismo autor, en el párrafo 1098 del Tomo y Libro ya refe-
ridos.—Considerándose: que en el presente caso, está tanto más
acertado este procedimiento, porque de los pleitos seguidos entre
las mismas partes, aparece claramente la intención del demanda-
do Canals de resistir y burlar el mandamiento de la Corte y evi-
tar á todo trance el pago de las mensualidades que adeuda á su
esposa.—Requiérase á Don Pedro A. Canals para que dentro del
término de 30 días consigne ante este Tribunal á disposición de
su esposa Da. Emilia Frau y Vázquez, la cantidad de 600 pe-
sos correspondientes á las doce mensualidades de alimentos pro-
visionales que adeuda por los meses transcurridos desde el pri-
mero de Noviembre de 1902 hasta 31 de Octubre de 1903, aper-
cibido de ser procesado por desacato si no lo verifica; y líbrese la
oportuna carta orden al Juez Municipal de Lares.—Lo acordaron y

firman los Sres. Jueces del Tribunal; y certifico.—Felipe Cuchí.—Carlos Franco Soto.—Otto Schoenrich.—José E. Figueras.''

*Resultando* que solicitada reforma del provisto anterior por la representación de Don Pedro A. Canals, y sustanciado el recurso con audiencia de la otra parte, que se opuso á la reforma solicitada, se dictó el auto de 14 de Noviembre siguiente, que declaró sin lugar la reforma, por los fundamentos de hecho y de derecho que se transcriben á continuación:

Arecibo, á catorce de Noviembre de 1903. — Resultando: que en auto de esta Corte de 27 de Octubre último, se mandó á instancia de Da. Emilia Frau y Vázquez, demandante en el pleito de divorcio, del cual es incidente esta pieza separada, que el demandado D. Pedro A. Canals consignase dentro del término de treinta días la cantidad de 600 pesos, correspondientes á las doce mensualidades que adeuda á su esposa en concepto de alimentos provisionales, por los meses transcurridos desde el primero de Noviembre de 1902 hasta el 31 de Octubre de 1903, apercibido de ser procesado por desacato si no lo verifica.—Resultando: que el abogado D. Antonio Suliveres á nombre de D. Pedro A Canals, en un escrito extenso con fecha 3 de Noviembre, interpuso recurso de súplica contra el mencionado auto, alegando como puntos principales que la demanda incidental de alimentos provisionales no forma parte integrante del derecho del divorcio, que la jurisprudencia americana no puede aplicarse para derogar leyes, que el condenar por desacato al que no satisface los alimentos provisionales significa prisión por deuda, y que Canals es pobre y no puede pagar, y pidió se repusiera dicho auto, dejando sin efecto el apercibimiento de ser Canals procesado por desacato si no paga los 600 pesos que importan los últimos doce meses de cuota alimenticia y el Letrado Don Elpidio de los Santos, en representación de Da. Emilia Frau, evacuando el traslado que se le dió, se opuso á las alegaciones del demandado, y pidió se declarase sin lugar la reposición y firme el auto: reproduciendo los fundamentos del auto de 27 de Octubre último, y considerando que en la sentencia ya citada de 20 de Febrero de 1902, en el pleito de divorcio de María del Carmen Marimón contra su esposo Francisco Pelegrí, el Tribunal Supremo de Puerto Rico, enunció la siguiente doctrina:—''Considerando que hay que admitir en principio que

al efectuarse el cambio de una soberanía por otra, ya sea por cesión conquista, ó de otro modo, las leyes del país conquistado ó cedido quedan vigentes hasta que sean cambiadas por el país conquistador, ó al cual aquél fué cedido, siempre que no sean incompatibles, ó estén en contradicción con la Constitución, Instituciones, ó las miras del Gobierno de la nueva Soberanía.—Considerando que también es un principio de la ley internacional, y á fortiori aplicable á un país conquistado ó cedido, el que siempre que cualesquiera leyes de un país extranjero sean sometidas á la consideración de los Tribunales del país soberano á que pertenezca aquél, sean interpretadas de acuerdo con las instituciones, espíritu y jurisprudencia de éste último, independientemente de la interpretación de los Tribunales del país extranjero.—Considerando: que es evidente é insostenible otra opinión, que cuando el Congreso de los Estados Unidos dió á Puerto Rico un sistema de leyes referentes al matrimonio y al divorcio, cuyas leyes en muchos respectos estaban completamente en contradicción á las leyes vigentes en la época del Tratado, era claramente su intención que se asimilasen en principio y aplicación á los que existen en los Estados Unidos; y que fuesen cumplidas y ejecutadas de acuerdo con los principios establecidos en la jurisprudencia americana y sometidos á su interpretación. — Considerando: que el Tribunal de Distrito sostiene que la citada Sección octava de la Ley Foraker sólo deroga algunos artículos del Código Civil; y también algunas secciones de la Orden General de 17 de Marzo de 1899, por lo cual los demás artículos del mismo Código referentes á matrimonios y divorcios, y las demás secciones de dicha orden General han quedado vigentes, cuya presunción, aunque basada en un reconocido principio legal, no puede sostenerse en el presente caso, porque en el citado Código y Orden General se encuen tran disposiciones de sentido y significación semejantes á las derogadas por la citada acta del Congreso; y si aquellas disposiciones que aún están en el texto de la ley hubieran de permanecer vigentes, impedirían ó serían un obstáculo á lo que está permitido por efecto de las secciones derogadas, dejando existentes disposiciones contrarias á la manifiesta y verdadera intención del Congreso, por lo cual todas las leyes que están en contradicción con la Sección octava de la Ley Foraker, están tácitamente, y sin duda alguna, absolutamente, derogadas y abolidas; sin que pueda alegarse que la Sección 24 de la citada Orden General no se refiere solamente á matrimonios, sino que incluye también divorcios, porque sea lo que fuera sobre tal referencia, este punto ha quedado completamente esclarecido.''—Con

siderando :que la cuestión de alimentos provisionales' durante la tramitación de un divorcio, es una materia muy íntimamente relacionada con el derecho de divorcio, y es parte del ''sistema de leyes referentes al matrimonio y al divorcio,'' al cual se refiere la Corte Suprema: y si la ley procesal permite que á instancia de parte se puede tramitar en pieza separada, obedece tal provisión sólo á la conveniencia de tener juntos todos los autos que se refieren á un mismo punto, de no recargar demasiado el expediente principal, y de no obscurecer las cuestiones del juicio principal ;.—Considerando : que cualquiera disposición de ley en conflicto con la jurisprudencia americana sobre este punto, por ser ésta comprendida en la Sección octava de la Ley Foraker, queda tácitamente derogada, pero en el presente caso no hay tal diferencia ni conflicto entre las dos maneras de hacer efectiva la cuota alimenticia, que la subsistencia de un modo es incompatible con la subsistencia del otro, por cuya razón queda en vigor el art. 1614 de la Ley de Enj. Civil ; pero al mismo tiempo se abre otro camino para obligar al pago, pudiendo las partes y la Corte escoger para exigir el pago el modo más procedente en justicia.—Considerando : que el condenar por desacato al que se niega á cumplir el mandamiento de la Corte de pagar sus cuotas alimenticias, no significa prisión por deudas, puesto que nunca se castiga por no poder pagar sino por no pagar pudiéndolo, desacatando así la orden de la Corte, faltando á las obligaciones para con la esposa, y produciendo una verdadera perturbación criminal.—Considerando : que el demandado hace la simple alegación de que es pobre y no puede pagar los 600 pesos que se le exigen alegación que niega la demandante, pero tal pobreza no resulta justificada, cuando se considera que Don Pedro A. Canals desde que fué requerido para el pago de las pensiones alimenticias, en dos de Marzo de 1901, ahora por primera vez alega ser pobre : que nunca en todo ese tiempo ha pedido que se rebaje la cuota señalada : que en el pleito principal de divorcio, y los pleitos incidentes de éste, se ha probado que es un acaudalado propietario cafetero de Lares ; que ha seguido y está siguiendo muchos pleitos en esta Corte y en ninguno ha sido declarado pobre, sino que al contrario se vale de buenos abogados ; que las cargas que se dicen pesan sobre sus fincas son de un carácter bastante sospechoso ; que en sus pleitos con su esposa se reconoce su temeridad de evitar el pago de las pensiones alimenticias, y que si fuera á liquidar los gastos cuantiosos invertidos en virtud de esta temeridad para no pagar dichas pensiones, se vendría en conocimiento de que superarían á lo que por dichas pensiones ha debido y podido pagar ; resultando .

por el contrario una intención obstinada de desobedecer el mandamiento del Tribunal y evadir el pago de los alimentos que debe á su esposa.—No ha lugar á la reposición que se solicita, y se declara firme el auto de 27 de Octubre último, con las costas al recurrente.—Lo acordaron y firman los Sres. Jueces del Tribunal.—Certifico.—Felipe Cuchí.—Carlos Franco Soto.—Otto Schoenrich.—José E. Figueras.''

*Resultando* que interpuesto contra este auto y su concordante de 27 de Octubre anterior, recurso de apelación por la representación del demandado D. Pedro A. Canals, le fué admitido libremente y en ambos efectos con citación y emplazamiento de las partes, y personado el apelante, y no el apelado, no obstante haber sido citado y emplazado en tiempo, y tramitado en forma el recurso, se señaló día para la vista, á cuyo acto sólo asistió el abogado defensor del apelante.

Abogado del apelante: *Sr. Alvarez Nava.*

La parte apelada no compareció.

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando* que con arreglo al art. 1614 de la antigua Ley de Enjuiciamiento Civil, por la que se venía sustanciando este incidente, si el condenado al pago de los alimentos provisionales no hiciera efectiva la pensión el día en que deba pagarla según la sentencia, se procederá á su exacción por los trámites establecidos para el procedimiento de apremio, después del juicio ejecutivo, y que lo mismo se practicará con las mensualidades que vayan venciendo.

*Considerando* que establecida por disposición expresa de la ley de Enjuiciamiento Civil, aplicable al caso que se ventila, la vía de apremio contra los bienes del deudor para hacer efectivos los alimentos provisionales, á medida que vayan venciendo, no es potestativo de las partes

abandonar el procedimiento establecido por la ley procesal, para seguir el apremio personal contra el deudor, que si está en uso en algunos Tribunales de los Estados Unidos, en los casos de divorcio, como medio coercitivo para compeler al marido al pago de los alimentos asignados por el Juez á la esposa, mientras dure el juicio, ha sido desterrado de los Tribunales de esta Isla desde tiempo inmemorial, por las leyes que abolieron la prisión por deudas civiles de cualquiera clase y sustituído por el procedimiento de apremio contra los bienes que ofrece al acreedor todas las garantías apetecibles para hacer efectivas las responsabilidades impuestas al deudor por la sentencia.

*Considerando* que si bien la Ley de divorcio implantada en esta Isla, como de orígen americano, es de interpretarse y aplicarse con arreglo á las prácticas americanas, esto debe entenderse como derecho supletorio en los casos de obscuridad ó insuficiencia de la ley, como sucedió en el caso en que se cita en las resoluciones apeladas, de los esposos Pelegrí, sobre divorcio, y en el cual se discutía sobre si la sección octava de la ley votada por el Congreso, en 12 de Abril de 1900, sobre gobierno y administración civil de esta Isla, y para otros fines, vulgarmente conocida por el Bill Foraker, en cuanto dispone que todas las personas legalmente casadas en Puerto Rico tendrán todos los derechos y recursos conferidos por la Ley á los contrayentes civiles ó religiosos, era ó no aplicable á los españoles residentes en esta Isla que hubiesen contraído matrimonio por el rito católico en España, donde no está admitido el divorcio en cuanto al vínculo, esta Corte, después de consultar detenidamente el caso lo resolvió en sentido afirmativo, y declaró con lugar el divorcio, inspirándose en las prácticas americanas como derecho supletorio, puesto que se trataba de la inteligencia y aplicación de una ley de orígen americano, y cuyo contex-

to literal no era suficientemente claro y explícito; doctrina que si era de lógica y natural aplicación en el caso que se cita, de los esposos Pelegrí, no lo es en el caso de autos, en que no se trata ya de interpretar la ley de divorcio en un punto sustantivo, sino sólo de fijar el procedimiento que debe seguirse en un incidente al juicio de divorcio para el cobro de los alimentos provisionales, asignados á la esposa, y sobre el cual la ley procesal es clara y no ofrece dudas ni dificultades de ninguna especie.

*Considerando* que esta doctrina no se opone á la facultad inherente á todos las Cortes de Justicia para castigar los desacatos cometidos contra su autoridad, cuando tales actos revistan verdaderos caracteres de delito, lo que no sucede en el presente caso, en el que se trata sólo de la ejecución de una sentencia recaída en un juicio civil de divorcio, sobre pago de pensiones alimenticias asignadas á la esposa, y para cuya ejecución deben seguirse los trámites establecidos por la Ley de Enjuiciamiento Civil, en manera alguna por los trámites de un proceso criminal, por falta de materia justiciable, máxime cuando no puede sostenerse que el demandado Don Pedro A. Canals haya desobedecido ó resistido obstinadamente el cumplimiento de la sentencia ú orden del Tribunal, que le condenó al pago, cuando, por el contrario, se ha sometido al apremio decretado contra sus bienes, y ha consentido todas las providencias dictadas, precisamente á solicitud de la misma parte demandante, disponiendo la anotación de la demanda de divorcio sobre todos los bienes inscritos en el Registro como de su propiedad, mientras durara el juicio y el embargo de los necesarios para cubrir la deuda y costas: de manera que si no ha cobrado la demandante sus pensiones alimenticias, no ha sido por resistencia de Don Pedro A. Canals á cumplir la sentencia del Tribunal, sino por otras causas que no parecen imputables á su voluntad.

*Considerando* que las costas del apremio son de cargo del apremiado al pago, á excepción de las causadas en los incidentes que en el mismo expediente puedan surgir, y sobre las cuales debe el Tribunal proveer en conformidad á las disposiciones vigentes sobre costas en la época en que se sustanció y decidió el incidente, ó sea con arreglo á la Sección 63 de la Orden General No. 118, según la cual las costas deben imponerse al litigante cuyas pretensiones sean desestimadas en su totalidad, debiendo imponerlas el Tribunal, en otro caso, con arreglo á equidad.

*Vistas* las disposiciones legales que se citan en la presente sentencia.

*Fallamos* que debemos revocar y revocamos los autos apelados de catorce de Noviembre de 1903 y su concordante de 27 de Octubre anterior en cuanto al apercibimiento decretado contra Don Pedro A. Canals de ser procesado por desacato si no consignare la cantidad que se le ordena á la disposición de su esposa, quedando subsistentes dichos autos apelados en los demás extremos que contienen, pero entendiéndose sin especial condenación de costas desde el escrito del folio sesenta y cinco en adelante y sin especial condenación en esta segunda instancia.

Jueces concurrentes: Sres. Hernández, Figueras, Mac Leary y Wolf.